**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**MICHAEL D. CARROLL**                                                 **PETITIONER**

**VERSUS**                      **CIVIL ACTION NO. 3:12CV240 HTW-LRA**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS**          **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Michael D. Carroll filed a petition for writ of habeas corpus relief on April 9, 2012. Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Carroll pled guilty to sexual battery (Count I) and conspiracy to commit sexual battery (Count II) in the Circuit Court of Pike County, Mississippi. On July 1, 2002, he was sentenced to 20 years imprisonment on Count I and 5 years on Count II concurrently, with the provision that the first 5 years be served day for day in the custody of the Mississippi Department of Corrections, and that the remaining 15 years be served on supervised release. On September 8, 2008, the Pike County Circuit Court revoked Carroll's probation after finding that he materially violated the terms of his supervised release.[1] On November 10, 2009, Carroll signed a "Motion for Newly Discovered

---

[1] The order of revocation was signed on April 16, 2009, and stamped "filed" on May 8, 2009, "*nunc pro tunc* to the 8th day of September 2008." ECF No. 7-2.

Evidence," challenging the revocation of his probation.[2] The motion was liberally construed as a motion for post-conviction relief. An order denying the motion was signed on July 27, 2010, and stamped "filed" on August 16, 2010.[3] Petitioner now seeks federal habeas corpus relief on the same grounds.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

---

[2]*See Coleman v. Johnson*, 184 F. 3d 398, 401 (5th Cir. 1999) ("Under the mailbox rule, a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court.").

[3]ECF Nos. 7-1-7-5.

2

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2).  Thus, unless the narrow exceptions of § 2244 (d)(1)(B-D) apply, a federal habeas petition must be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998).  AEDPA's statute of limitations period may be equitably tolled only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, --- U.S.---- 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Here, Carroll's judgment of revocation became final on September 8, 2008, because there is no direct appeal from the revocation of a suspended sentence under Mississippi law.  *See Beasley v. State*, 795 So.2d 539, 540 (Miss. 2001); *Griffin v. State,* 382 So.2d 289, 290 (Miss. 1980).  To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before September 8, 2009.  Because he did not file his motion for post-conviction relief until November 10, 2009, AEDPA's one-year statute of limitations ran uninterrupted from

3

September 8, 2008, to September 8, 2009. His federal habeas petition filed on April 9, 2012 (signed on April 6, 2012) is untimely.[4]

Petitioner has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *See Holland*, 130 S.Ct. at 2562. In the absence of any evidence warranting statutory or equitable tolling, the undersigned finds Petitioner's habeas petition is time-barred by 28 U.S.C. §2244(d)(1)(A), and should be dismissed with prejudice.[5]

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

---

[4]As noted by Respondent, even if the Court were to find that Petitioner's judgment of revocation became final on May 8, 2009, the date the revocation order was stamped "filed," his petition would still be deemed untimely. The statute of limitations would have been tolled from November 10, 2009, to August 16, 2010, for a total of 280 days, requiring Carroll to file his petition no later than February 12, 2011.

[5]The Court notes further that none of the other exceptions of § 2244(d)(1) (B-D) apply in this case. Although Carroll asserts that he has newly discovered evidence establishing that he did not violate the terms of his release, which could be liberally construed as invoking the "factual predicate exception" of § 2244(d) (1)(D), he does not actually provide any new evidence to support this exception. The state court also expressly found that Carroll's "allegations were known to him or should have been known to him at the time of the revocation hearing." The court also found that Carroll "signed a waiver, and admitted under oath that he violated the terms and conditions of his probation." ECF No. 7-5. Carroll has never challenged these findings by appealing the denial of his post-conviction relief, and the time for doing so has passed. Thus, even if this Court were to find his petition was timely filed, Carroll has failed to exhaust his state court remedies. *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006).

4

recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 8th day of January 2013.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE